

# Notice of Service of Process

CHS / ALL
Transmittal Number: 20519496
Date Processed: 10/10/2019

| | |
|---|---|
| Primary Contact: | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |
| Entity: | Lowe's Home Centers, LLC<br>Entity ID Number 2515365 |
| Entity Served: | Lowe's Home Centers, LLC |
| Title of Action: | Kathy Osborne vs. Lowe's Home Centers, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Monongalia County Circuit Court, WV |
| Case/Reference No: | 19C298 |
| Jurisdiction Served: | West Virginia |
| Date Served on CSC: | 10/09/2019 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | Secretary Of State |
| How Served: | Certified Mail |
| Sender Information: | Allan N. Karlin<br>304-296-8266 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com



Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0002 5917 90

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

LOWE'S HOME CENTERS, LLC
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

**Control Number:** 246234
**Defendant:** LOWE'S HOME CENTERS, LLC
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company
**County:** Monongalia
**Civil Action:** 19-C-298
**Certified Number:** 92148901125134100002591790
**Service Date:** 10/4/2019

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA





**KATHY OSBORNE**

Plaintiff,

vs.  Civil Action Number 19-C-298

**LOWE'S HOME CENTERS, LLC**
**209 WASHINGTON ST.**
**CHARLESTON, WV 25302**

TO THE ABOVE-NAMED DEFENDANT(s):

**IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon **ALLAN N. KARLIN, Plaintiff's Attorney,** whose address is **174 CHANCERY ROW, MORGANTOWN, WV 26505,** an answer, including any related counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the date of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

DATED: September 30, 2019

JEAN FRIEND, Clerk of the Circuit Court

By: _____
Deputy Clerk

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KATHY OSBORNE,

    Plaintiff,

v.                                                             Civil Action No. 19-C-298

                                                             The Honorable _____

LOWE'S HOME CENTERS, LLC

    Defendants.

## COMPLAINT

Plaintiff Kathy Osborne brings this action against her former employer, defendant Lowe's Home Centers, LLC ("Lowe's"), for its discriminatory and/or retaliatory actions against her in violation of the West Virginia Human Rights Act (W. Va. Code § 5-11-1 *et seq*.) and, particularly, those sections of the Act that prohibit discrimination in employment of the basis of gender discrimination.

## PARTIES

1.     Plaintiff Kathy Osborne is, and at all times relevant has been, a resident of Monongalia County, West Virginia.

2.     Plaintiff was employee of the defendant at its location in Morgantown, Monongalia County, West Virginia.

3.     Defendant is an authorized foreign corporation with its principal offices located at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697, and conducts business throughout West Virginia.

FILED
SEP 27 2019
JEAN FRIEND, CLERK

## FACTS

4.     On or about April 7, 2003, Ms. Osborne was hired as a Customer Sales Associate in the Lawn and Garden Department by defendant in Morgantown, Monongalia County, West Virginia.

5. Beginning in September 2003, Ms. Osborne transferred to Lowe's stores in Virginia, but returned to the Morgantown store in August 2009, where she worked as a Commercial Sales Specialist until the date of her termination.

6. During her almost 16 year employment with defendant, Ms. Osborne satisfactorily performed the functions of her job in a manner that met the reasonable expectations of defendant such that she was a successful commercial sales specialist with a substantial sales record and developed strong relationships with the customers with whom she worked.

7. Ms. Osborne was the top sales person in the District and Region from February 1, 2019, to the date of her termination.

8. Ms. Osborne's quality performance is evident from the recognitions she received from Lowe's, including, but not limited to:

    a. 2015 Lowe's Never Stop Improving Certificate of Excellence;
    b. Trophy Lowe's 2 Million Dollar Club 2015;
    c. 2015 Pro Sales Top Margin Award Over 1 Million for achieving over 1 Million Dollars in Pro Sales while delivering the highest Pro Specialist overall margin;
    d. 2017 Lowe's Never Stop Improving Certificate of Excellence;
    e. Lowe's Mark 874 Pro Services $10 Million Dollar Club 2017;
    f. 2018 Lowe's Never Stop Improving Certificate of Excellence; and
    g. Trophy Top Sales Performer 2018

9. Nonetheless, on or about June 4, 2019, Ms. Osborne was terminated from her employment for allegedly being rude to a customer.

10. Shortly after her termination, Ms. Osborne, a female, was replaced by a younger male employee.

11. Male employees of defendant who had behaved similarly and/or worse than Ms. Osborne was alleged to have behaved, are still working for defendant while Ms. Osborne, a female, was fired. For example:

    a. One male manager told other associates in the store that a customer, who was present at the time, was a "f******* idiot." Other managers, as well as a human resources officer, were fully aware of this manager's behavior. Yet, this manager is still working at Lowe's, while Ms. Osborne has been discharged;

    b. A male employee in the Tool Department told a customer that he would not take back a tool even though the tool was still under warranty. The discussion became heated and a manager was called to the Tool Department. When the manager arrived in the Department, the employee lunged at the customer, drawing back his fist as if preparing to hit the customer. However, the employee was not fired at the time, even though management was fully aware of what had happened; and

    c. On another occasion, a male employee was cussing at the son of a customer who was apparently moving some items around. When the father heard the cussing, he went to the employee and explained that his son had a disability. The employee then began cussing at the father. Several managers appeared in the aisle where this confrontation took place. However, the employee was not fired.

12. The disparate treatment of Ms. Osborne occurred in a workplace that was hostile to female employees and where men generally received more favorable treatment than women, demonstrating a discriminatory animus towards woman among male managers in the workplace. For example:

    a. At one point in her career, Ms. Osborne went three (3) months without being assigned a coordinator to aid her in her work. Yet, when a male sales specialist was about to lose a coordinator, defendant replaced the coordinator immediately;

    b. A male coordinator was paid more for doing the same job as Ms. Osborne's female coordinator even though the female coordinator had worked for defendant longer than the male coordinator and was an excellent employee;

3

c. Ms. Osborne's coordinator was never offered the vacancy created by Ms. Osborne's firing. The job was never even posted. Instead, defendant appointed an inexperienced male who was less qualified than Ms. Osborne's coordinator. In fact, defendant even asked Ms. Osborne's coordinator to train the inexperienced male;

d. Ms. Osborne was required to report to the store instead of going straight to her customers' job sites. As a female Commercial Sales Specialist, her job required her to visit job sites on a regular basis. Male Commercial Sales Specialists were not required to show up at the store every morning before going to job sites. Getting out to the job sites early was important to Ms. Osborne's job;

e. Management was informed about a customer who sexually harassed Ms. Osborne's coordinator, but, on information and belief, defendant did not properly address the problem;

f. Another woman in her early sixties asked to move to a part time work schedule. Although she was initially told there was no problem in doing so, her request was denied by the human resources manager who told her that since she was going to be leaving eventually, she might as well retire now because there would not be a job for her;

g. On May 31, 2019, Ms. Osborne was called in to the manger's office. At the time, Ms. Osborne expected praise for her sales numbers for May. Instead, the store manager instructed her to fill out a paper regarding what happened with the phone conversation with the customer she was allegedly rude to three (3) weeks earlier. When Ms. Osborne questioned his directive, he closed the door to the office and started massaging her shoulders, actions that were neither appreciated nor appropriate;

h. Defendant offered a coordinator position to a female, but tried to later give that same position to a male. Ms. Osborne had to remind defendant that the position was already offered to the female employee and that it was unfair to try to give it to the male; and

i. Male managers are romantically involved with female non-management employees, in violation of defendant's policies, without any consequences for their behavior even though the managers' involvement is well known in the store.

4

13. Managements' adverse and discriminatory conduct toward female employees demonstrated a discriminatory animus toward women.

14. On information and belief, Ms. Osborne's termination from her employment was based, in whole or in substantial part, on her gender.

## CAUSE OF ACTION
### (West Virginia Human Rights Act-Discrimination)

15. Defendant is an employer within the meaning of W. Va. Code § 5-11-3(d).

16. Ms. Osborne was an employee within the meaning of W. Va. Code § 5-11-3(e)

17. Defendant is liable for the acts of its agents and employees in terminating Ms. Osborne's employment.

18. The decision to terminate the employment of Ms. Osborne, as set forth above, was made by defendant and/or its agents and employees who were motivated in whole, or in substantial part, by her gender and/or by gender stereotypes in violation of the West Virginia Human Rights Act, § 5-11-1 *et seq*.

19. As a result of the unlawful conduct of the defendant in terminating her employment, Ms. Osborne has incurred economic damages, including lost wages and benefits in an amount to be established at trial.

20. As a result of the aforesaid unlawful conduct of defendant, Ms. Osborne suffered and continues to suffer indignity, humiliation, embarrassment, and emotional distress in an amount to be determined by the jury.

21.    Defendant's actions were willful, wanton, and/or undertaken in direct disregard for the rights and sensibilities of the Ms. Osborne, entitling her to punitive damages in an amount to be determined by the jury.

### Prayer for Relief

WHEREFORE, Ms. Osborne prays for the following relief:

1. damages as set forth in this Complaint, including, *inter alia*, punitive damages;

2. attorney fees and costs; and

3. such other and further relief as this Court may deem just and equitable.

### Jury Trial Demand

Ms. Osborne demands a jury trial on all issues triable to a jury.

PLAINTIFF,
BY COUNSEL.

_____
ALLAN N. KARLIN
WV BAR # 1953
ALLAN N. KARLIN & ASSOCIATES PLLC
174 CHANCERY ROW
MORGANTOWN, WV 26505
304-296-8266

CERTIFIED MAIL

U.S. POSTAGE >>> PITNEY BOWES

ZIP 25311 $ 006.25
02 4W
0000336734 OCT. 07. 2019